**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| TRACY E. W., | ) | NO. ED CV 23-1288-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MARTIN J. O'MALLEY, | ) | |
| Commissioner of Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**PROCEEDINGS**

Plaintiff filed a complaint on July 3, 2023, seeking review of the Commissioner's denial of disability benefits. The parties consented to proceed before a United States Magistrate Judge on July 20, 2023. Plaintiff filed "Plaintiff's Brief" on November 9, 2023. Defendant filed "Defendant's Brief" on December 11, 2023. Plaintiff did not file a timely reply brief.

///

---

[1] Martin J. O'Malley, Commissioner of Social Security, is hereby substituted as Defendant in this matter. See Fed. R. Civ. P. 25(d)(1); 42 U.S.C. § 405(g).

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff, a former substance abuse counselor, asserts disability since July 10, 2020, based on alleged cervical kyphosis, scoliosis, migraines, high blood pressure, a bladder polyp, and depression (Administrative Record ("A.R.") 38-40, 264-83, 314-15). An Administrative Law Judge ("ALJ") reviewed the record and heard testimony from Plaintiff and a vocational expert (A.R. 14-23, 30-66).

The ALJ found that Plaintiff has the following severe impairments: "degenerative disc disease of the lumbar spine with scoliosis, degenerative disc disease of the cervical spine, right knee degenerative joint disease, and residual effects of a hip replacement" (A.R. 16-17). However, the ALJ also found that Plaintiff retains the residual functional capacity to perform light work requiring no more than frequent stooping, kneeling, crouching, crawling, and climbing (A.R. 18-19). In assessing Plaintiff's residual functional capacity, the ALJ discounted Plaintiff's testimony and statements suggesting any greater limitations (A.R. 19-21).

The ALJ determined that a person with the assessed residual functional capacity could perform Plaintiff's past relevant work as a substance abuse counselor (see A.R. 22 (adopting vocational expert testimony at A.R. 61-62)). Accordingly, the ALJ found Plaintiff not disabled (A.R. 22-23). The Appeals Council denied review (A.R. 1-3).

///
///
///

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Comm'r, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Comm'r of Soc. Sec. Admin., 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

> If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. But the Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [administrative] conclusion.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).

///
///
///
///

3

**DISCUSSION**

After consideration of the record as a whole, the Court has concluded that Judgment should be entered in favor of Defendant and this action should be dismissed with prejudice. The Administration's findings are supported by substantial evidence and are free from material[2] legal error. Plaintiff's contrary arguments are unavailing.

**I. Substantial Evidence Supports the ALJ's Conclusion that Plaintiff Is Not Disabled.**

Substantial evidence supports the ALJ's non-disability conclusion. As explained in more detail, <u>infra</u>, the reviewing state agency physicians opined that Plaintiff has no severe impairments, and the consultative examiners found that Plaintiff has a greater capacity than the ALJ found to exist (<u>see</u> A.R. 72-80, 122-29 (state agency physicians' opinions); A.R. 578-88 (consultative examiners' reports)). These opinions furnish substantial evidence to support the conclusion that Plaintiff is not disabled. <u>See</u> <u>Orn v. Astrue</u>, 495 F.3d 625, 631-32 (9th Cir. 2007) (opinion of examining physician based on independent clinical findings can provide substantial evidence to support administrative conclusion of non-disability); <u>see also</u> <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1149 (9th Cir. 2001) (opinion of non-examining physician "may constitute substantial evidence when it

---

[2] The harmless error rule applies to the review of administrative decisions regarding disability. <u>See</u> <u>McLeod v. Astrue</u>, 640 F.3d 881, 886-88 (9th Cir. 2011); <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005).

is consistent with other independent evidence in the record"); Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (where the opinions of non-examining physicians do not contradict "all other evidence in the record," such opinions may furnish substantial evidence); Bullock v. Comm'r, 2022 WL 4538576, at *25 (D. Ariz. Aug. 18, 2022), adopted, 2022 WL 4535241 (D. Ariz. Sept. 28, 2022) (no material error where ALJ's residual functional capacity assessment included greater limitations than those found by the only medical opinions in the record; there was no medical source opinion to the contrary).[3]

The vocational expert testified that a person with the residual functional capacity assessed by the ALJ could perform Plaintiff's past relevant work (A.R. 61-62). The ALJ properly relied on this testimony in finding Plaintiff not disabled (A.R. 29-30). See Johnson v. Shalala, 60 F.3d 1428, 1435-36 (9th Cir. 1995); Barker v. Sec'y, 882 F.2d 1474, 1478-80 (9th Cir. 1989); Martinez v. Heckler, 807 F.2d 771, 775 (9th Cir. 1986).

To the extent evidence in the record may be conflicting, the ALJ properly resolved the conflicts. See Treichler v. Comm'r, 775 F.3d 1090, 1098 (9th Cir. 2014) (court "leave[s] it to the ALJ" to resolve conflicts and ambiguities in the record). The Court must uphold the administrative decision when the evidence "is susceptible to more than one rational interpretation." Andrews v. Shalala, 53 F.3d at 1039-40.

---

[3] As detailed below (see Footnote 8 and accompanying text), although one of Plaintiff's medical examiners did opine (in a conclusory manner) that Plaintiff is disabled, it would appear that such opinion lacks evidentiary value under the regulations now applicable.

The Court will uphold the ALJ's rational interpretation of the evidence in the present case notwithstanding any conflicts in the record.

## II. The ALJ Did Not Materially Err in Discounting Plaintiff's Subjective Complaints.

Plaintiff challenges the adequacy of the ALJ's reasoning in discounting Plaintiff's testimony and statements. See Plaintiff's Brief at 2-9. The Court discerns no material error.

### A. Summary of Plaintiff's Testimony and Statements

Plaintiff testified that he cannot sit or stand for longer than 10 or 15 minutes at a time due to alleged pain in his back and neck (A.R. 43, 50-51; see also A.R. 346-53, 359-66 (Function Report forms by Plaintiff and his daughter asserting that Plaintiff has similar sitting and standing limits)). Plaintiff claimed he also has neuropathy that allegedly makes it difficult to type or to write (A.R. 44, 56-57). According to Plaintiff, he worked as a substance abuse counselor, a job allowing him to change positions at will, until he no
///
///
///
///
///
///
///

longer was able to perform the work (A.R. 51).[4]

Plaintiff testified that he was on a leave of absence from work in 2020 due to an inability to "function," sit, or stand (A.R. 42). Plaintiff claimed that he had started to get "progressively worse" in 2016, and supposedly then was finding it difficult even to perform the activities of daily living (A.R. 42, 44). In September of 2020, his employer reportedly asked if Plaintiff was able to return to work, Plaintiff said no, and Plaintiff was terminated (A.R. 42). Plaintiff said his employer "dropped" Plaintiff's health insurance in 2020 (A.R. 43). By the time of the August, 2022 hearing, however, Plaintiff had Medi-Cal (A.R. 45-46).

Plaintiff testified he had tried chiropractic treatment, massage therapy, acupuncture, acupressure, Chinese medicine, physical therapy, and home exercises (A.R. 45-46). For pain, Plaintiff reportedly was using only ibuprofen and over the counter topical anesthetics (Icy Hot patches and ice packs) (A.R. 46). He claimed his pain ranges from 3/10 to 8/10 (A.R. 47). According to Plaintiff, he has migraines several times a month which last five or six hours, but he reportedly is able to control the migraines with bathing/showering, ice packs, heating pads, topical anesthetics, and ibuprofen (A.R. 47-48).

---

[4] Plaintiff admitted that he could attend to his personal care, prepare his own meals (but his daughter helped), do laundry, drive for short distances, and shop for groceries for up to 15 minutes at a time (A.R. 50, 347-49; see also A.R. 579 (Plaintiff reporting that he was able to do activities of daily living including housekeeping and chores)). Plaintiff reportedly used a cane half the time (A.R. 352). Plaintiff claimed he would lie down for three or four hours during a normal eight-hour workday (A.R. 51).

Plaintiff admitted that pain had not caused him to go to the emergency room, or to urgent care, anytime within the previous 10 years (A.R. 55).

At the administrative hearing, Plaintiff did not mention any hip issues or any surgeries (A.R. 38-60; see also A.R. 579 (Plaintiff reporting to consultative examiner that he had no surgeries)). Plaintiff claimed to have been sober for 16 months prior to the hearing (A.R. 58).

**B.     Summary of the Medical Record**

The medical record is relatively sparse. The record reflects emergency department visits and residential treatment for alcohol abuse in 2019, 2020, and 2021 (A.R. 385-412, 418-25, 511-34, 536-58). The record reflects very little treatment for Plaintiff's alleged depression or his alleged pain-related impairments (A.R. 415-17, 426-96, 502-04, 559, 566-70, 591-635).

Plaintiff first entered residential treatment for alcohol in December of 2019, reporting that he last worked three weeks earlier (A.R. 385-92). Plaintiff admitted drinking up to a pint of whiskey,

///
///
///
///
///
///

three to four days a week (A.R. 388).[5] Plaintiff stayed in residential treatment for seven days of "withdrawal management" (id.).

In March of 2020, Plaintiff returned to residential treatment for a month-long stay (A.R. 393-97). Plaintiff then reported a four-year history of alcohol use and a current alcohol intake of a pint a day (id.). Plaintiff had rear-ended a truck the day before his admission, and complained of pain in his right elbow and right knee, for which Plaintiff had not sought any medical treatment (A.R. 393). Plaintiff's case manager referred Plaintiff to the emergency room for "being weak," and Plaintiff was treated for dehydration and withdrawal symptoms (A.R. 397, 403-12, 418-32).

In April of 2021, Plaintiff was taken to the emergency room with "moderate altered mentation" associated with a possible drug overdose, after having been found "altered in his bed" next to a bottle of librium (A.R. 529).[6] Plaintiff denied having taken any librium (id.). Plaintiff's blood tested positive for intoxication, and his urine tested positive for benzodiazepines (librium), as well as for

---

[5] In November of 2019, Plaintiff called his therapist to request an "off work order" due to alleged depression, but the therapist apparently demurred because the therapist had not seen Plaintiff since August of 2019 (A.R. 437-39). In August, Plaintiff had claimed he drank alcohol only "occasionally" (A.R. 446). In April, he reported drinking zero ounces of alcohol per week (A.R. 450).

[6] In his Disability Report - Appeal form, Plaintiff reported that he had been treated in April of 2021 for "legs went out - fell a lot unbalance3d [sic]" (A.R. 342; see also A.R. 375 (reporting same)). Plaintiff also reported that he went through "8-10 days detox" in April of 2021 (A.R. 342).

marijuana (A.R. 519, 536-37). Plaintiff admitted drinking a half gallon of whiskey or vodka per day for more than five years (A.R. 536). He was admitted to the hospital for a week-long detoxification (A.R. 539-58).

By July of 2021, Plaintiff told a new primary care provider that he had been sober for three months (A.R. 566). Plaintiff complained of numbness and tingling in his lower extremities, which Plaintiff thought to be alcoholic polyneuropathy (id.). Plaintiff did not complain of any back or neck pain (A.R. 566-70).

Consultative examiners who evaluated Plaintiff in November of 2021 opined Plaintiff would have lesser limitations than the ALJ later found to exist (A.R. 578-88). A consultative psychologist found Plaintiff would have no work-related limitations (A.R. 581). A consultative internal medicine doctor found Plaintiff capable of medium work with no more than frequent postural activities (A.R. 586). Plaintiff evidently told the doctor he had suffered neck and back pain for 15 years (id.). On examination, Plaintiff demonstrated some pain manifestations and a limited range of motion, but also demonstrated a normal gait without assistive devices (A.R. 585-86). Spine X-rays

///
///
///
///
///
///
///

showed only mild scoliosis and mild degenerative disease at at L5-S1 (A.R. 588).[7]

Plaintiff presented to his primary care doctor in January of 2022, complaining of neck and back pain and reporting that he had applied for Social Security benefits due to alleged sitting and standing limitations (A.R. 611). Plaintiff then said he was taking ibuprofen for his pain, and he declined any offer of narcotics or controlled medications (A.R. 611-12). Plaintiff claimed to have been "clean" from alcohol use since April of 2021 (A.R. 608, 616).

Plaintiff returned in March of 2022, complaining of allegedly worsening chronic pain and requesting to have Medicare papers filled out (A.R. 608). The primary care doctor referred Plaintiff to "Pain Medicine" (apparently meaning "pain management") (A.R. 609). Plaintiff returned in May of 2022, still complaining of neck and back pain (A.R. 604). However, Plaintiff had not scheduled a pain management appointment (id.). Plaintiff had a cervical spine MRI in May of 2022, which showed mild bilateral neural foramina narrowing with mild to moderate stenosis at C4-C5 and C5-C6 (A.R. 598-99).

---

[7] When the state agency physicians reviewed the record in April of 2021, they found that the available evidence was not sufficient to support a decision on Plaintiff's claim – a consultative examination was necessary, and Plaintiff had failed to attend his scheduled examination without cause (A.R. 72-73, 80). By the time of reconsideration review in November and December of 2021, Plaintiff had seen the consultative examiners who opined that he would have no mental limitations and would be capable of a range of medium work (A.R. 114, 122; see also A.R. 578-88 (consultative examiners' reports)). On this record, the state agency physicians declined to find any severe impairments or any limitations (A.R. 122-29).

In July of 2022, orthopedic surgeon Dr. Darren Bergey reviewed Plaintiff's May, 2022 cervical spine MRI and evaluated Plaintiff for complaints of back and neck pain (A.R. 623-27). Plaintiff reported no history of surgeries or injuries (A.R. 624). Plaintiff had a palpable deformity of the upper mid-thoracic spine and some spasm on spinal palpation (A.R. 625-26). Dr. Bergey diagnosed chronic pain syndrome, thoracolumbar scoliosis, chronic cervicalgia, and cervical and thoracic myospasm (A.R. 626). Dr. Bergey opined that: (1) Plaintiff's back pain "is disabling" for purposes of Social Security benefits because Plaintiff assertedly "cannot sit for prolonged periods of time," which allegedly would affect his work as a counselor; (2) Plaintiff "has not been able to compete in the open labor market"; and (3) Plaintiff is not "a surgical candidate" (A.R. 626; see also A.R. 628-29 (Dr. Bergey maintaining same opinion after reviewing additional imaging)).[8]

///
///
///
///
///

---

[8] The ALJ found Dr. Bergey's opinion "not persuasive" as brief, conclusory, and inadequately supported by clinical findings (A.R. 21). Plaintiff does not challenge this finding by the ALJ. Under new regulations applicable to claims filed after March 27, 2017, such as Plaintiff's claims, Dr. Bergey's conclusory opinion that Plaintiff is disabled or unable to compete in the open labor market would appear to have no evidentiary value. See 20 C.F.R. §§ 404.1520b(c)(3), 416.920b(c)(3) (opinion that a claimant is disabled or not able to work is "inherently neither valuable nor persuasive," and ALJ need not provide any analysis concerning how such an opinion was considered).

**C. The ALJ Stated Legally Sufficient Reasons for Discounting Plaintiff's Subjective Testimony and Statements.**

An ALJ's assessment of a claimant's credibility is entitled to "great weight." Anderson v. Sullivan, 914 F.2d 1121, 1124 (9th Cir. 1990); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985). Where, as here, an ALJ finds that a claimant's medically determinable impairments reasonably could be expected to cause some degree of the alleged symptoms of which the claimant subjectively complains (see A.R. 19), any discounting of the claimant's complaints must be supported by "specific, cogent" findings. See Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010); Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); but see Smolen v. Chater, 80 F.3d 1273, 1282-84 (9th Cir. 1996) (indicating that ALJ must state "specific, clear and convincing" reasons to reject a claimant's testimony where there is no evidence of malingering).[9]

///

///

---

[9] In the absence of an ALJ's reliance on evidence of "malingering," most recent Ninth Circuit cases have applied the "clear and convincing" standard. See, e.g., Glanden v. Kijakazi, 86 F.4th 838, 846 (9th Cir. 2023); Smartt v. Kijakazi, 53 F.4th 489, 497 (9th Cir. 2022); Leon v. Berryhill, 880 F.3d 1041, 1046 (9th Cir. 2017); Brown-Hunter v. Colvin, 806 F.3d 487, 488-89 (9th Cir. 2015); Burrell v. Colvin, 775 F.3d 1133, 1136-37 (9th Cir. 2014); Treichler v. Comm'r, 775 F.3d 1090, 1102 (9th Cir. 2014); Ghanim v. Colvin, 763 F.3d 1154, 1163 n.9 (9th Cir. 2014); see also Ballard v. Apfel, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting earlier cases). In Ahearn v. Saul, 988 F.3d 1111, 1116 (9th Cir. 2021), the Ninth Circuit appeared to apply both the "specific, cogent" standard and the "clear and convincing" standard. In the present case, the ALJ's findings are sufficient under either standard, so the distinction between the two standards (if any) is academic.

An ALJ's credibility finding "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." See Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004) (internal citations and quotations omitted); see also Social Security Ruling ("SSR") 96-7p (explaining how to assess a claimant's credibility), superseded, SSR 16-3p (eff. March 28, 2016).[10] As discussed below, the ALJ's stated legally sufficient reasons for discounting Plaintiff's subjective complaints.

The ALJ found Plaintiff's subjective testimony and statements concerning the intensity, persistence, and limiting effects of his symptoms were inconsistent with the medical evidence of record, which showed conservative treatment and mild findings (A.R. 19-21 (referring to: (1) physical examinations showing only some tenderness and decreased range of motion; (2) imaging showing mostly mild findings; and (3) Plaintiff's limited pain treatment)). The ALJ assertedly accommodated Plaintiff's discounted subjective complaints by adopting a residual functional capacity more limited than the capacity the consultative examiners and the state agency physicians had found to exist (A.R. 21).

///

///

---

[10] The appropriate analysis under the superseding SSR is substantially the same as the analysis under the superseded SSR. See R.P. v. Colvin, 2016 WL 7042259, at *9 n.7 (E.D. Cal. Dec. 5, 2016) (stating that SSR 16-3p "implemented a change in diction rather than substance") (citations omitted); see also Trevizo v. Berryhill, 871 F.3d 664, 678 n.5 (9th Cir. 2017) (suggesting that SSR 16–3p "makes clear what our precedent already required").

An ALJ permissibly may rely in part on a lack of supporting medical evidence in discounting a claimant's allegations of disabling symptomatology. See Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ can consider in his [or her] credibility analysis."); Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (same); see also Smartt v. Kijakazi, 53 F.4th at 498 ("When objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony."); Carmickle v. Comm'r, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony"); SSR 16-3p ("[O]bjective medical evidence is a useful indicator to help make reasonable conclusions about the intensity and persistence of symptoms, including the effects those symptoms may have on the ability to perform work-related activities . . ."). In the present case, the ALJ reasonably observed that the medical evidence, including examination findings, imaging studies, and almost all of the medical opinions, were inconsistent with Plaintiff's subjective complaints. See id.; see also Kitchen v. Kijakazi, 82 F.4th 732, 739 (9th Cir. 2023).

A limited course of treatment sometimes can justify the rejection of a claimant's subjective complaints. See, e.g., Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012), superseded by regulation on other grounds as stated in Sisk v. Saul, 820 Fed. App'x 604, 606 (9th Cir. 2020) (in assessing claimant's credibility, ALJ may properly rely on "unexplained or inadequately explained failure to seek treatment or to

follow prescribed course of treatment"); Burch v. Barnhart, 400 F.3d at 681 ("The ALJ is permitted to consider lack of treatment in his credibility determination."); Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (in assessing the credibility of a claimant's pain testimony, the Administration properly may consider the claimant's failure to request "any serious medical treatment for . . . supposedly excruciating pain" and failure to follow treatment advice) (citing Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991) (en banc)); Matthews v. Shalala, 10 F.3d 678, 679-80 (9th Cir. 1993) (permissible credibility factors in assessing pain testimony include limited treatment and minimal use of medications); see also Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995) (absence of treatment for back pain during half of the alleged disability period, and evidence of only "conservative treatment" when the claimant finally sought treatment, sufficient to discount claimant's testimony).  Here, the record arguably may suggest that Plaintiff forwent treatment during part of the alleged disability period because he temporarily lacked medical insurance.  However, when Plaintiff did seek treatment for his alleged back and neck pain, he:  (1) declined any prescription pain medication; (2) relied instead on ibuprofen and topical pain relievers; (3) failed to follow up with a pain management referral; and (4) otherwise did not seek or receive the kind of treatment one

///
///
///
///
///
///

16

might expect for truly disabling pain.[11] Against this record, the ALJ reasonably observed that Plaintiff's limited treatment was inconsistent with Plaintiff's subjective complaints.

For the foregoing reasons, the Court concludes that the ALJ discounted Plaintiff's credibility on permissible grounds. See Moisa v. Barnhart, 367 F.3d at 885.[12] The Court therefore defers to the ALJ's credibility determination. See Lasich v. Astrue, 252 Fed. App'x 823, 825 (9th Cir. 2007) (court will defer to Administration's credibility determination when the proper process is used and proper

---

[11] Plaintiff cites to the ALJ's finding that Plaintiff has residual effects of a hip replacement as evidence that his treatment was not conservative. See Plaintiff's Brief at 8 (citing A.R. 17). Defendant suggests that the ALJ's reference to a hip replacement may have been a scrivener's error since there is no record of Plaintiff having undergone a hip replacement, and Plaintiff reported to examiners that he had never had surgery. See Defendant's Brief at 7 (citing A.R. 47-48, 385-635). Since Plaintiff did not allege any hip-related pain or limitations, and there is no record of Plaintiff complaining of any hip-related issues or of undergoing a hip replacement surgery, any such surgery Plaintiff may have had would not suggest that his neck and back-related treatment (or lack thereof) was other than conservative.

[12] Defendant asserts that the ALJ also permissibly relied on Plaintiff's activities of daily living to discount Plaintiff's subjective complaints (Defendant's Brief at 7-8). The ALJ's decision did not expressly state any reliance on Plaintiff's activities of daily living to discount Plaintiff's subjective complaints. See A.R. 19-20. Therefore, the Court may not properly rely on Plaintiff's activities of daily living. See Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001) (the court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision"); see also Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (reversing district court's decision where the district court had affirmed on the basis of reasons supported by the record but unstated by the ALJ).

1 reasons for the decision are provided); accord Flaten v. Sec'y of
2 Health & Human Serv., 44 F.3d 1453, 1464 (9th Cir. 1995).[13]

**CONCLUSION**

For the foregoing reasons, Judgment shall be entered in favor of Defendant and this action shall be dismissed with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 11, 2024.

/S/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[13] The Court should not and does not determine the credibility of Plaintiff's testimony concerning his subjective symptomatology. Absent legal error, it is for the Administration, and not this Court, to do so. See Magallanes v. Bowen, 881 F.2d 747, 750, 755-56 (9th Cir. 1989).